IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ADAM SHINGARA, | : | |
|     Petitioner | : | No. 1:25-cv-01072 |
| | : | |
|     v. | : | (Judge Kane) |
| | : | |
| NORTHUMBERLAND COUNTY, et al., | : | |
|     Respondents | : | |

## MEMORANDUM

Currently before the Court are an application for leave to proceed in forma pauperis ("IFP Application") and petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by pro se Petitioner Adam Shingara ("Shingara"), who is charged with numerous state criminal offenses. For the reasons set forth below, the Court will grant the IFP Application, construe the petition as a petition for a writ of habeas corpus under 28 U.S.C. § 2241, and dismiss the petition.

**I.  BACKGROUND**

Shingara is charged with numerous criminal offenses in five (5) separate criminal actions in the Court of Common Pleas of Northumberland County.[1] In the first case, Shingara is charged with criminal mischief (18 Pa. C.S. § 3304(a)(4)), disorderly conduct (18 Pa. C.S. § 5503(a)(4)), and criminal trespass – simple trespass (18 Pa. C.S. § 3503(b.1)). See Commonwealth v. Shingara, No. CP-49-CR-0000016-2015 (Northumberland Cnty. Ct. Com. Pl. filed Jan. 3, 2025). In the second case, Shingara is charged with theft by unlawful taking – movable property (18 Pa. C.S. § 3921(a)) and defiant trespass (18 Pa. C.S. § 3503(b)(1)(ii)). See Commonwealth v.

---

[1] The Court takes judicial notice of the dockets in Shingara's underlying criminal cases, which are available on the Unified Judicial System of Pennsylvania Web Portal (https://ujsportal.pacourts.us/CaseSearch (last visited July 24, 2025)). See Orabi v. Att'y Gen. of the U.S., 738 F.3d 535, 537 n.1 (3rd Cir. 2014) (stating that the court "may take judicial notice of the contents of another [c]ourt's docket"); Wilson v. McVey, 579 F. Supp. 2d 685, 688 n.5 (M.D. Pa. 2008) (taking judicial notice of court docket).

Shingara, No. CP-49-CR-0000171-2025 (Northumberland Cnty. Ct. Com. Pl. filed Mar. 3, 2025). Concerning the third case, Shingara is charged with defiant trespass, disorderly conduct, and harassment – course of conduct with no legitimate purpose (18 Pa. C.S. § 2709(a)(3)). See Commonwealth v. Shingara, No. CP-49-CR-0000175-2025 (Northumberland Cnty. Ct. Com. Pl. filed Mar. 3, 2025). Regarding the fourth case, Shingara is charged with defiant trespass, disorderly conduct, harassment – course of conduct with no legitimate purpose, driving without a license (75 P.S. § 1501(a)), and driving while operating privileges are suspended or revoked (75 P.S. § 1543(a)). See Commonwealth v. Shingara, No. CP-49-CR-0000176-2025 (Northumberland Cnty. Ct. Com. Pl. filed Mar. 3, 2025). As for the fifth and final case, Shingara is charged with agricultural trespass (18 Pa. C.S. § 3503(b.2)), biosecurity trespass (18 Pa. C.S. § 3503(b.3)), theft by unlawful taking – movable property, and three (3) counts of defiant trespass. See Commonwealth v. Shingara, No. CP-49-CR-0000730-2025 (Northumberland Cnty. Ct. Com. Pl. filed July 14, 2025). All charges are pending disposition.

On June 10, 2025, Shingara commenced this action by filing his Section 2254 habeas petition and IFP Application.[2] (Doc. No. 1.) Unfortunately, the IFP Application was unaccompanied by Shingara's certified prisoner trust fund account statement, as required by 28 U.S.C. § 1915(a)(2).[3] Consequently, two (2) Administrative Orders issued requiring submission

---

[2] The federal "prisoner mailbox rule" provides that a pro se prisoner's submission is deemed filed "at the time [the prisoner] delivered it to the prison authorities for forwarding to the court clerk." See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, Shingara includes a declaration with his petition in which he states that he placed his petition in the prison mailing system on June 10, 2025. (Doc. No. 1 at 14.) As such, the Court uses June 10, 2025, as the petition's filing date even though the Clerk of Court did not docket it until June 12, 2025.

[3] Section 1915(a)(2) states as follows:

> A prisoner seeking to bring a civil action . . . without prepayment of fees or security therefor, in addition to filing the affidavit filed under paragraph (1), shall submit a

2

of his certified account statement. (Doc. Nos. 4, 5.) Shingara's account statement was docketed with the Clerk of Court on July 24, 2025.[4] (Doc. No. 7.)

In his habeas petition, Shingara does not specify whether he is challenging all, some, or only one of his criminal cases. Nevertheless, he asserts several claims which he believes entitle him to habeas relief. Those claims include, inter alia: (1) his criminal charges are invalid because they were never "read off to [him and the] paperwork keeps changing," see (Doc. No. 1 at 1); (2) his criminal charges "keep[] changing" and are "hiding under" a federal civil lawsuit he filed, Shingara, et al. v. Central Keystone Federal Credit Union, et al., No. 25-cv-00295 (M.D. Pa. filed Feb. 19, 2025), see (id.);[5] (3) "Matt Bennett typed [a] false [bench] warrant at [the Pennsylvania State Police]," see (id. at 1, 2, 5); (4) the bench warrant had "no hard seal [and] no judge," see (id. at 1); (5) he was falsely arrested and imprisoned, see (id. at 2, 5); (6) a

---

> certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined.

See 28 U.S.C. § 1915(a)(2).

[4] Shingara's account statement shows that he was released from the Northumberland County Jail on June 24, 2025 (Doc. No. 7 at 1), and the docket sheets for his criminal cases indicate that he was released on bail. Additionally, one (1) of the Court's Administrative Orders was returned to the Clerk of Court as undeliverable because of Shingara's release from incarceration on June 24, 2025. (Doc. No. 6.) To date, Shingara has not updated his mailing address with the Clerk of Court as required by the Local Rules. See M.D. Pa. L.R. 83.18 ("Whenever a party by whom or on whose behalf an initial paper is offered for filing is not represented in the action, such party shall maintain on file with the clerk a current address at which all notices and copies of pleadings, motions or papers in the action may be served upon such party."); see also (Doc. No. 3 at 1 (informing Shingara that he had "an affirmative obligation to keep the Court informed of his . . . current address[, and if he] changes his . . . address while the lawsuit is being litigated, [he] shall immediately inform the Court of the change in writing" (boldface omitted))).

[5] This case was closed by the Honorable Joseph F. Saporito, Jr. on May 9, 2025. See (id., ECF No. 15).

3

Pennsylvania State Trooper "pulled a gun" on him and should not have filed charges against him because he previously sued the Trooper, see (id. at 5); (7) the Commonwealth has "no proof or evidence" of his guilt to any charges, see (id.); (8) the Magna Carta has been violated, see (id. at 6); (9) he was arrested and charged in Northumberland County despite living in Schuylkill County, see (id.); (10) none of the information in his arrest warrant, such as his photograph, social security number, and his "docket," is correct, see (id.); (11) he has been held in the Northampton County Jail past the "72 hr mark," see (id. at 8); and (12) he was not trespassing on any land, see (id.). Shingara never identifies the relief he seeks in this case. See (id. at 14).

## II.     LEGAL STANDARDS

### A.     Applications for Leave to Proceed in Forma Pauperis

Under 28 U.S.C. § 1915(a)(1), a district court "may authorize the commencement . . . of any [civil] suit, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." See id. This statute

> "is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324 [(1989)]. Specifically, Congress enacted the statute to ensure that administrative court costs and filing fees, both of which must be paid by everyone else who files a lawsuit, would not prevent indigent persons from pursuing meaningful litigation. [Deutsch v. United States, 67 F.3d 1080, 1084 (3d Cir. 1995)]. Toward this end, § 1915(a) allows a litigant to commence a civil or criminal action in federal court in forma pauperis by filing in good faith an affidavit stating, among other things, that [they are] unable to pay the costs of the lawsuit. Neitzke, 490 U.S. at 324[.]

See Douris v. Middletown Twp., 293 F. App'x 130, 131–32 (3d Cir. 2008) (unpublished).

A litigant can show that they are unable to pay the costs of the lawsuit "based on a showing of indigence." See Deutsch, 67 F.3d at 1084 n.5. The Third Circuit Court of Appeals has not defined what it means to be indigent; nevertheless, "[a] plaintiff need not 'be absolutely

4

destitute to enjoy the benefit of the statute.'" See Mauro v. N.J. Supreme Ct., Case No. 56,900, 238 F. App'x 791, 793 (3d Cir. 2007) (unpublished) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339 (1948)). Some district courts have explained that all a litigant needs to show is that because of their poverty, they cannot afford to pay for the costs of litigation and provide themselves with the necessities of life. See, e.g., Rewolinski v. Morgan, 896 F. Supp. 879, 880 (E.D. Wis. 1995) ("An affidavit demonstrating that the petitioner cannot, because of [their] poverty, provide [themselves] and any dependents with the necessities of life is sufficient."); Jones v. State, 893 F. Supp. 643, 646 (E.D. Tex. 1995) ("An affidavit to proceed in forma pauperis is sufficient if it states that one cannot, because of poverty, afford to pay for the costs of litigation and still provide for him- or herself and any dependents.").

**B.      Screening of Habeas Petitions**

District courts are tasked with conducting a preliminary review of Section 2254 habeas petitions. See R. 4, 28 U.S.C. foll. § 2254 ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it."). Here, Shingara filed a Section 2254 habeas petition in this case and used a Section 2254 standard form in doing so. See (Doc. No. 1). However, when a judgment against a habeas petitioner in a state criminal proceeding has not yet been entered and the petitioner files an application for a writ of habeas corpus while in pretrial detention, jurisdiction for federal habeas review arises under Section 2241, not [Section 2254], because Section 2254 requires that the petitioner be "in custody pursuant to the judgment of a State Court." See 28 U.S.C. § 2254(a) (emphasis added). Therefore, the Court will construe Shingara's petition as a Section 2241 petition. See, e.g., Potts v. Warden of Lackawanna County Prison, No. 23-cv-01332, 2023 WL 5732714, at *1 (M.D. Pa.

5

Aug. 15, 2023) (construing Section 2254 petition filed by pretrial detainee as Section 2241 petition).

Even though the Court construes Shingara's petition as one filed under Section 2241, the Court may still preliminarily screen it. See R. 1(b), 28 U.S.C. foll. § 2254 ("The district court may apply any or all of these rules to a habeas corpus petition not covered by Rule 1(a))."). When conducting this screening, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. 4, 28 U.S.C. foll. § 2254; see also Lonchar v. Thomas, 517 U.S. 314, 320 (1996) ("[A] district court is authorized to dismiss a [habeas] petition summarily when it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."); McFarland v. Scott, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

### C. Habeas Petitions Under Section 2241 Filed by Petitioners with Pending State Criminal Charges

While federal courts have jurisdiction to issue a writ of habeas corpus before a judgment is entered in a state criminal proceeding pursuant to Section 2241, see, e.g., Moore v. DeYoung, 515 F.2d 437, 443 (3d Cir. 1975), in the pretrial setting, "federal habeas corpus does not lie, absent 'special circumstances' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." See Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 489 (1973). Disfavor of pretrial intervention in state criminal proceedings is based on the notion of comity, "a principle of deference and 'proper respect' for state government functions in our federal system." See Evans v. Ct. of Com. Pl. Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)); see also

Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010) (unpublished) (explaining that Section 2241 jurisdiction "must be exercised sparingly in order to prevent in the ordinary circumstance 'pretrial habeas interference by federal courts in the normal functioning of state criminal processes'" (quoting Moore, 515 F.2d at 445–46)).

### III.   DISCUSSION

#### A.   The IFP Application

After reviewing the IFP Application and Shingara's account statement, it appears that he lacks the financial means to prepay the filing fee in this matter.  Therefore, the Court will grant the IFP Application and allow Shingara to proceed in forma pauperis in this habeas action.

#### B.   Screening the Petition

The Court has thoroughly reviewed Shingara's Section 2241 petition, and it plainly appears from it that he is not entitled to habeas relief.  In particular, even if some of Shingara's claims are cognizable in habeas, they are nevertheless wholly unexhausted.  Accordingly, the Court will dismiss without prejudice his Section 2241 petition due to his failure to exhaust.[6]

Regarding exhaustion, although Section 2241 does not contain a statutory exhaustion requirement like Section 2254, see 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that[ ] . . . the applicant has exhausted the remedies available in the courts of the State . . . ."), "an exhaustion requirement has developed through decisional law, applying principles of federalism."  See Moore, 515 F.2d at 442.  Moreover, "although there is a

---

[6]  For purposes of this Memorandum, the Court presumes that Shingara is "in custody" for purposes of Section 2241 insofar as he appears to be released on bail.  See, e.g., United States v. Arthur, 367 F.3d 119, 122 (2d Cir. 2004) (explaining that a habeas petitioner "is in custody for the purposes of [Section] 2241 by virtue of the limitations placed upon [their] liberty by the conditions of [their] bail").

distinction in the statutory language of [Sections] 2254 and 2241, there is no distinction insofar as the exhaustion requirement is concerned." See id.  Accordingly, the petitioner must have exhausted their state-court remedies regarding their claims before the federal court can consider their merits.  See id.; Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) ("[W]e have consistently applied an exhaustion requirement to claims brought under § 2241.").

To properly exhaust state remedies, a Section 2241 habeas petitioner must invoke "one complete round of the state's established appellate review process."  See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  The petitioner bears the burden of showing that all claims alleged have been "fairly presented" to the state courts, and "it is not enough that the petitioner presents to the state court the facts upon which a federal claim is based."  See Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982) (per curiam).

In this case, Shingara has not demonstrated that he exhausted his available state remedies in his petition.  See Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) ("The habeas petitioner carries the burden of proving exhaustion of all available state remedies." (citation omitted)).  In this regard, Shingara does not aver that he first raised any of his claims for habeas relief in his underlying criminal proceedings and identify how the Court of Common Pleas addressed those claims.  The publicly available docket entries for Shingara's criminal cases also do not show that he has filed any pretrial motions to date, although the Court recognizes that his charges have only been pending in the Court of Common Pleas for a short period of time.  As such, it appears that Shingara may still raise any constitutional claims in the Court of Common Pleas.  Moreover, he has not demonstrated that his criminal cases present the type of "extraordinary circumstances" necessary to excuse his failure to exhaust.  Therefore, because Shingara has not exhausted his state-court remedies, the Court will dismiss his Section 2241

petition without prejudice to him refiling it after exhaustion. See Callwood, 230 F.3d at 634 (vacating district court's order dismissing Section 2241 habeas petition on the merits and remanding with instructions to the district court to "dismiss for failure to exhaust [state] remedies without prejudice to Callwood's refiling his challenge under § 2241 after exhaustion"); see also Lambert, 134 F.3d at 513 ("The exhaustion requirement does not foreclose federal relief, but merely postpones it.").[7]

---

[7] Some district courts in the Third Circuit decline to consider Section 2241 habeas petitions filed by petitioners with unresolved state criminal charges under Younger abstention:

> Where, as is the case here, state-court remedies are unexhausted, "principles of federalism and comity require district courts to abstain from enjoining pending state criminal proceedings absent extraordinary circumstances." Younger v. Harris, 401 U.S. 37 (1971); Moore, 515 F.2d at 447–48. Younger abstention will apply when: "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal claims." Lazardis v. Wehmer, 591 F.3d 666, 670 (3d Cir. 2010) (quoting Addiction Specialists, Inc. v. Twp. of Hampton, 411 F.3d 399, 408 (3d Cir. 2005)). If the three Younger requirements are satisfied, abstention is required unless the petitioner demonstrates that the state proceedings are motivated by bad faith, the state law being challenged is patently unconstitutional, or there is no adequate alternative state forum where the constitutional issues can be raised. Id. at 670 n.4 (citing Schall v. Joyce, 885 F.2d 101, 106 (3d Cir. 1989)). These exceptions are to be construed "very narrowly" and invoked only in "extraordinary circumstances." Id.; Moore, 515 F.2d at 448[; s]ee also Brian R. Means, POSTCONVICTION REMEDIES, § 10.3 Westlaw (database updated June 2021).

See Arrington v. Commonwealth, No. 21-cv-01282, 2022 WL 317147, at *3 (W.D. Pa. Jan. 13, 2022) (citing Pa. R. Crim. P. 576(4), (5)), report and recommendation adopted, 2022 WL 314675 (W.D. Pa. Feb. 2, 2022).

If this Court analyzed whether to abstain from resolving this case under Younger, abstaining would be appropriate. There are ongoing criminal prosecutions in the Northumberland County Court of Common Pleas and granting habeas relief here would interfere with those proceedings. Additionally, the Commonwealth's criminal cases against Shingara implicate important state interests because it has a strong interest in enforcing its criminal laws. Finally, there is no indication that Shingara will not have the opportunity to raise claims challenging, inter alia, any arrest warrant, bench warrant, and any evidence obtained by the Commonwealth, as part of his criminal proceedings. See, e.g., Pa. R. Crim. P. 578 (requiring that all requests for pretrial relief,

C.     **Certificate of Appealability**

Because Shingara is still awaiting the disposition of his state criminal charges, the Court presumes that he requires a certificate of appealability ("COA") should he decide to appeal from this decision.  See 28 U.S.C. § 2253(c)(1)(A) (providing that unless a circuit justice or judge issues a COA, a petitioner may not appeal from "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court"); see also Reese v. Pennsylvania, No. 19-cv-00775, 2019 WL 5746276, at *1 (W.D. Pa. Nov. 5, 2019) (concluding that COA requirement applies to Section 2241 petitions filed by state pretrial detainees); Harris v. Pike County Corr. Facility, No. 20-cv-00962, 2021 WL 880477, at *3 (M.D. Pa. Mar. 9, 2021) (declining to issue COA as part of dismissal of state pretrial detainee's Section 2241 petition).  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  When deciding whether to issue a COA after a dismissal on procedural grounds, the Court applies the following standard:

> [w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling . . . .  Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further.  In such a circumstance, no appeal would be warranted.

See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

---

such as those seeking the "suppression of evidence" or "to quash or dismiss an information," to be "included in one omnibus motion").  Therefore, Shingara's claims relating to his state-court criminal proceedings also meet the requirements for Younger abstention.

In this case, jurists of reason would not find the disposition of this case debatable, i.e., that Shingara failed to exhaust his state-court remedies prior to filing his Section 2241 petition here and that he failed to present extraordinary circumstances to warrant this Court excusing this failure. See, e.g., Burley v. Superintendent Forest SCI, No. 22-2719, 2023 WL 2560361, at *1 (3d Cir. Feb. 3, 2023) (unpublished) (denying COA because "reasonable jurists would not debate the conclusion that there was no reason for the District Court to exercise jurisdiction over Appellant's current [Section 2241] habeas petition because he failed to establish that (1) he exhausted his state-court remedies or (2) his case presents 'extraordinary circumstances.'") (quoting Moore, 515 F.2d at 443)). Accordingly, the Court will not issue a COA in this case.

## IV.     CONCLUSION

For the reasons stated above, the Court will grant the IFP Application, construe Shingara's Section 2254 habeas petition as a petition filed under Section 2241, dismiss the petition without prejudice due to his failure to exhaust his state-court remedies, decline to issue a COA, and direct the Clerk of Court to close this case. An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania